THERESA PHILLIPS

*v.*

# H. A. PITTS & CO.

1. NOTICE—*possession of property under unrecorded deed.* Actual possession of real estate under an unrecorded deed, although the improvements are not valuable, is sufficient notice to a subsequent purchaser, either at a private or judicial sale, of the occupant's interest and title.

2. CLOUD UPON TITLE. Where a party sells real estate under execution as the property of his debtor, with either actual or constructive notice

of a *bona fide* sale and conveyance to another before the judgment became a lien, the owner may have the sheriff's sale set aside as a cloud upon his title.

APPEAL from the Circuit Court of Effingham county; the Hon. HIRAM B. DECIUS, Judge, presiding.

This was a bill in chancery, filed by Theresa Phillips, against H. A. Pitts, Marsailles M. Pitts, Aurolius V. Pitts and Flawson D. Pitts, to set aside a sheriff's sale of a certain lot as a cloud upon complainant's title. The opinion of the court contains a sufficient statement of the controlling facts of the case. The cause was heard upon the pleadings and proofs, when the court entered a decree dismissing the bill.

Messrs. COOPER & KAGAY, for the appellant.

Mr. J. N. GWIN, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

On the 26th day of August, 1868, complainant purchased of John J. Worman lot 7, in block 1, in Central Effingham, for which she paid him $250, and received a warranty deed. At the October term, 1868, of the circuit court of Effingham county, defendants obtained judgment against Worman, upon which execution was issued on the 14th day of August, 1869, and on the 23d day of October thereafter the premises were sold by the sheriff and purchased by Joseph L. Pitts, one of the plaintiffs in the execution.

Complainant's deed was not recorded until the 9th day of September, 1869, but it is proven the premises, at the time she made the purchase, were in the actual possession of one Fieldhake, who transferred to complainant his possession, and ever since she has had the open and notorious possession, asserting dominion over the property and claiming it as her own as against all others. It is true, the improvements were not valuable, but they were sufficient to indicate actual occu-

pancy. By all the authorities, this was sufficient notice to a subsequent purchaser, either at a private or judicial sale, of complainant's interest in the property. It is in proof, defendants' attorney, whom they employed to examine the title, had actual notice of the sale by Worman to complainant before any levy was made on the property. It is idle to insist defendants are innocent purchasers. So far as this record discloses, complainant purchased in good faith, paid all the property is worth, and, being in the actual occupation under an unrecorded deed, it was notice to all subsequent purchasers. Her equities are, therefore, superior, and must prevail.

The decree will be reversed, and the cause remanded for further proceedings.

*Decree reversed.*